{¶ 32} I concur with the majority but write separately to clarify my reasoning with regard to the post-release control issue. As noted by the majority, post-release control is a part of sentencing, and the offender must be informed of post-release control either at sentencing or at the time of the plea hearing. See Woods v. Telb, 89 Ohio St.3d 504, 2000-Ohio-171, ¶ 2. Because the court is required by Crim.R. 11(C) to inform the offender of the maximum sentence permitted in each case, the failure to advise the offender of post-release controls during plea proceedings would omit a necessary component of the plea and result in the plea being unknowing. See State v. Jones (May 24, 2001), Cuyahoga App. No. 77657. For that reason, I concur with the majority's decision to vacate the no contest plea.
 {¶ 33} I believe that it is important to understand that separate rights involved in making a guilty or no contest plea can be waived by failure to argue them on appeal. Hence, while I have agreed in other cases involving guilty pleas that a failure to advise an offender of post-release controls requires remand for resentence, in none of those cases did the offender argue that a plea should be vacated because the court failed to advise of discretionary post-release controls. Some members of this court have raised this issue on their own as plain error. These members are, in essence making arguments that offenders chose not to make on appeal. It is entirely possible that these offenders were perfectly satisfied with their negotiated plea bargains and did not wish to have their pleas vacated, but merely wanted to avoid post-release controls. In these kinds of cases there is no "miscarriage of justice" requiring a finding of plain error since there is no argument by the offender that the plea should be vacated in the first place. See State v. Phillips,74 Ohio St.3d 72, 83, 1995-Ohio-171. Opportunism ought not be equated with injustice.
 {¶ 34} In State v. Ambrose, Cuyahoga App. No. 81762, 2003-Ohio-772, reopening disallowed Sept. 5, 2003, Motion No. 348532, I participated in a panel decision of this court which denied an application for reopening pursuant to App.R. 26(B) on grounds of res judicata based on a claim of ineffective assistance of appellate counsel for failing to argue that a guilty plea had been rendered unknowing and involuntary as a result of the court's failure to advise the offender about post-release controls. Although principles of res judicata decided the motion, we stated in dicta that "the failure to instruct a defendant with regard to the issue of post-release control does not result in a defective guilty plea which requires this court to vacate the plea." Id. at 5. I now disavow that dicta and adhere to the principles of law set forth by the majority.